**GORLICK, KRAVITZ & LISTHAUS, P.C.**
**Joy K. Mele (JM0207)**
**Jonathan Sobel (JS4815)**
**29 Broadway, 20th Floor**
**New York, New York 10006-3218**
**jmele@gkllaw.com**
**jsobel@gkllaw.com**
**Tel. (212) 269-2500**
**Fax (212) 269-2540**
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------X

| | |
|---|---|
| **MASON TENDERS DISTRICT COUNCIL WELFARE FUND; MASON TENDERS DISTRICT COUNCIL PENSION FUND; MASON TENDERS DISTRICT COUNCIL ANNUITY FUND; MASON TENDERS DISTRICT COUNCIL TRAINING FUND; MASON TENDERS DISTRICT COUNCIL HEALTH AND SAFETY FUND; and DOMINICK GIAMMONA, as FUNDS' CONTRIBUTIONS/DEFICIENCY MANAGER,** | **COMPLAINT** |
| **Plaintiffs,** | |
| - against - | |
| **LO SARDO GENERAL CONTRACTORS, INC.,** | |
| **Defendant.** | |

------------------------------------------------------------------------------X

Plaintiffs Mason Tenders District Council Welfare Fund; Mason Tenders District Council Pension Fund; Mason Tenders District Council Annuity Fund; Mason Tenders District Council Training Fund; Mason Tenders District Council Health and Safety Fund (collectively, the "Funds"); and Dominick Giammona, in his fiduciary capacity as Funds' Contributions/Deficiency Manager ("Giammona") (collectively "Plaintiffs"), by and through their attorneys, Gorlick, Kravitz & Listhaus, P.C., as and for their Complaint against Defendant Lo Sardo General Contractors, Inc. ("Lo Sardo"), respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought pursuant to, *inter alia*, §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended (29 U.S.C. §§1132(a)(3) and 1145), and § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. §185) (the "Taft-Hartley Act"), by the Plaintiffs for breach of contract, injunctive relief, and for other legal and equitable relief under ERISA and the Taft-Hartley Act.

2.      This Complaint alleges, *inter alia*, that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Lo Sardo violated one or more contracts between an employer and a labor organization, as defined under the Taft-Hartley Act, the Funds' respective trust agreements, and ERISA.

3.      Jurisdiction of this Court is invoked under the following statutes:

    a.      ERISA § 502(e)(1) and (f) (29 U.S.C. § 1132(e)(1) and (f));

    b.      Taft-Hartley Act § 301 (29 U.S.C. § 185);

    c.      28 U.S.C. § 1331 (federal question);

    d.      28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

    e.      28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue properly lies in this district under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and the Taft-Hartley Act § 301 (29 U.S.C. § 185(c)) because the Funds are administered and maintain their principal office in this district, the contractual breaches occurred in this district, and Lo Sardo may be found in this district.  Service of process may be made on Lo Sardo in any other district in which it may be found pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)).

**PARTIES**

5.      The Funds are jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements and trust agreements in accordance with the Taft-Hartley Act §§ 302(c)(5) and (c)(6) (29 U.S.C. §§ 186(c)(5) and (c)(6)). The Funds also are employee benefit plans within the meaning of ERISA §§ 3(1), 3(2), 3(3) and 502(d)(1) (29 U.S.C. §§ 1002(1)-(3) and 1132(d)(1)), and multi-employer plans within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suits as independent legal entities under ERISA § 502(d)(1) (29 U.S.C. § 1132(d)(1)).

6.      The Funds provide welfare, retirement, training and other fringe benefits to eligible employees on whose behalf employers in the construction industry contribute to the Funds pursuant to collective bargaining agreements between such employers and the Mason Tenders District Council of Greater New York ("Union"). The Funds are third-party beneficiaries to such collective bargaining agreements as collectors and trustees of employer contributions made pursuant to these collective bargaining agreements. The Funds maintain their offices and are administered at 520 Eighth Avenue, Suite 600, New York, New York 10018.

7.      Plaintiff Mason Tenders District Council Welfare Fund is the duly authorized collection agent, in accordance with the Welfare Fund Trust Agreement and the collective bargaining agreements, for dues checkoffs and monetary contributions payable to the Union and the Mason Tenders District Council Political Action Committee ("PAC").

8.      Plaintiff Giammona is the Funds' Contributions/Deficiency Manager and is a fiduciary of the Funds within the meaning of ERISA §§ 3(21) and 502 (29 U.S.C. §§ 1002(21) and 1132). Giammona brings this action in his fiduciary capacity.

9.      Non-party Union is a labor organization within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185), and represents employees in an industry affecting commerce as defined by the Taft-Hartley Act § 501 (29 U.S.C. § 142) and ERISA § 3(4) (29 U.S.C. § 1002(4)).

10.     Defendant Lo Sardo is a for-profit domestic corporation doing business in the State of New York as an employer within the meaning of ERISA §§ 3(5) and 515 (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185). Upon information and belief, Lo Sardo's principal office is located at 35 Crescent Street, Brooklyn, New York 11208.

## BACKGROUND FACTS

11.     On or about July 1, 2008, Lo Sardo entered into the Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement with the Union ("Agreement").

12.     The Agreement contains an evergreen clause which provides that it remains in effect through June 30, 2011, and renews from year to year thereafter unless either party gives written notice to the other of its intent to modify, amend, or terminate the Agreement. Such notice must be given in writing delivered by certified mail, postage prepaid, at least sixty days, but not more than ninety days, before the expiration date of the Agreement.

13.     To date, neither party has given written notice to the other of its intent to modify, amend, or terminate the Agreement, and the Agreement remains in effect.

14.     Among other things, the Agreement requires Lo Sardo to: (i) submit to the Funds reports detailing the number of hours that Lo Sardo employees performed work within the trade and geographic jurisdictions of the Union ("Covered Work"); (ii) make fringe benefit contributions to the Funds based on the number of hours of Covered Work Lo Sardo employees perform; (iii)

deduct and remit dues checkoffs and PAC contributions from the wages of employees who performed Covered Work to the Funds; (iv) permit the Funds and/or their designated representatives to audit Lo Sardo's books and records; and (v) apply interest and other fees and costs on delinquent fringe benefit contributions.

15.     Upon information and belief, at all times relevant to this Action, Lo Sardo was also bound to the New York City School Construction Authority Project Labor Agreement ("SCA PLA") which covers work on certain New York City public school projects. The SCA PLA requires Lo Sardo to make contributions to the Funds, deduct and remit dues checkoffs and PAC contributions, and comply with the other terms and conditions specified in the Agreement for all Covered Work on New York City public school projects.

16.     On or about July 22, 2011, Lo Sardo signed a Letter of Assent agreeing be bound by the New York Agency, Project Labor Agreement ("NYA PLA") to which the Union is a party. The NYA PLA requires Lo Sardo to make contributions to the Funds, deduct dues checkoffs and PAC contributions, and comply with the other terms and conditions specified in the Agreement for all Covered Work on the project located at 1400 Williamsbridge Road.

17.     The Funds performed an audit of Lo Sardo's books and records ("Audit") for the period of March 23, 2015 through June 27, 2018 ("Audit Period"). The Audit revealed there were 34,732.25 hours of Covered Work performed by Lo Sardo employees during the Audit Period for which Lo Sardo failed to comply with its obligations under the Agreement to pay fringe benefit contributions, and deduct and/or remit dues checkoffs and PAC contributions to the Funds.

18.     Shop steward reports ("Shop Steward Reports") for the period of June 28, 2018 through January 31, 2020 ("Shop Steward Reports Period") reveal Lo Sardo failed to pay fringe benefit contributions, and deduct and/or remit dues checkoffs and PAC contributions to the Funds

for at least 20,378.5 hours of Covered Work.

19.     By correspondence, dated January 30, 2019, March 6, 2019, and February 21, 2020, the Funds demanded full and immediate payment of all unpaid amounts revealed through the Audit and the Shop Steward Reports.

20.     To date, Lo Sardo has not paid the amounts due specified in either the Audit or the Shop Steward Reports.

21.     Upon information and belief, Lo Sardo continued to perform Covered Work after the Shop Steward Reports Period, and continues to perform Covered Work.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (CLAIM FOR BREACH OF CONTRACT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS DURING THE AUDIT PERIOD)

22.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.     Pursuant to the Agreement, the SCA PLA, and the NYA PLA, Lo Sardo must make fringe benefit contributions to the Funds for each hour of Covered Work performed by Lo Sardo employees as set forth in Article VI of the Agreement.

24.     Lo Sardo failed to make contractually mandated fringe benefit contributions for 34,732.25 hours of Covered Work performed by its individual employees during the Audit Period, resulting in a principal fringe benefit contributions delinquency of $981,344.66.

25.     Lo Sardo's failure to make and pay required contributions to the Funds during the Audit Period is a breach of the Agreement, the SCA PLA, and the NYA PLA.

26.     Article VI § 17(f) of the Agreement provides that if after an audit of its books and records, an Employer is found to be delinquent in the payment of fringe benefit contributions to the Funds, then the Employer shall pay, in addition to the delinquent fringe benefit contributions,

6

interest on the unpaid amounts from the date due until the date of payment at the rate prescribed under Section 6621 of Title 26 of the United States Code.

27.     Article VI § 17(f) of the Agreement also provides that in the event the Funds bring an action to recover the delinquent fringe benefit contributions and interest on the unpaid amounts, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

28.     Article VI § 17(g) of the Agreement also provides that in the event that formal proceedings to recover delinquent contributions are instituted and the Court renders judgment for the Funds, the Employer must pay to the Funds, in accordance with the judgment of the Court: (i) the unpaid contributions; (ii) interest on unpaid contributions determined by using the rate prescribed under Section 6621 of Title 26 of the United States Code; (iii) interest on the unpaid contributions as and for liquidated damages; (iv) the Funds' reasonable attorneys' fees and costs of the action; and (v) such other legal or equitable relief as the Court deems appropriate.

29.     Article VI § 17(j) of the Agreement provides that if an Employer does not make the required payments to the Funds within seven days of the due dates specified under Article VI of the Agreement, the Employer shall be liable for an additional payment of twelve percent (12%), or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made as and for liquidated damages.

30.     Accordingly, Lo Sardo is liable to Plaintiffs for failing to make required fringe benefit contributions for Covered Work performed by Lo Sardo employees during the Audit Period in the principal amount of $981,344.66, plus interest, liquidated damages, Plaintiffs' reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## (CLAIM FOR BREACH OF ERISA OBLIGATIONS DURING THE AUDIT PERIOD)

31.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 30, as if fully set forth herein.

32.     ERISA § 515 (29 U.S.C. § 1145) requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements.

33.     Lo Sardo is an employer under ERISA and is bound by the Agreement, the SCA PLA, and the NYA PLA.

34.     During the Audit Period, Lo Sardo failed to make fringe benefit contributions to the Funds as required under the Agreement, the SCA PLA, and the NYA PLA.

35.     Failure to make such payments violates ERISA § 515 (29 U.S.C. § 1145).

36.     Once it is found that an employer has violated ERISA § 515 (29 U.S.C. § 1145), the Court is required by ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) to award the Funds: (i) the unpaid fringe benefit contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Funds' plan; (iv) reasonable attorneys' fees and costs incurred in prosecuting the action; and (v) such other legal and equitable relief as the Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code.

37.     Article VI § 17(f) of the Agreement provides that if after an audit of its books and records, an Employer is found to be delinquent in the payment of fringe benefit contributions to the Funds, then the Employer shall pay, in addition to the delinquent fringe benefit contributions, interest on the unpaid amounts from the date due until the date of payment at the rate prescribed under Section 6621 of Title 26 of the United States Code.

38.     Article VI § 17(f) of the Agreement also provides that in the event the Funds bring an action to recover the delinquent fringe benefit contributions and interest on the unpaid amounts, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

39.     Article VI § 17(g) of the Agreement provides that in the event that formal proceedings to recover delinquent contributions are instituted and the Court renders judgment for the Funds, the Employer must pay to the Funds, in accordance with the judgment of the Court: (i) the unpaid contributions; (ii) interest on unpaid contributions determined by using the rate prescribed under Section 6621 of Title 26 of the United States Code; (iii) interest on the unpaid contributions as and for liquidated damages; (iv) the Funds' reasonable attorneys' fees and costs of the action; and (v) such other legal or equitable relief as the Court deems appropriate.

40.     Article VI § 17(j) of the Agreement provides that if an Employer does not make the required payments to the Funds within seven days of the due dates specified under Article VI of the Agreement, the Employer shall be liable for an additional payment of twelve percent (12%), or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made as and for liquidated damages.

41.     Accordingly, Lo Sardo is liable to Plaintiffs for failing to make required ERISA fringe benefit contributions for 34,732.25 hours of Covered Work performed by Lo Sardo employees during the Audit Period, plus statutory damages, including interest, liquidated damages, Plaintiffs' reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132), the Agreement, the SCA PLA, and the NYA PLA.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO REMIT DUES CHECKOFFS AND PAC CONTRIBUTIONS DURING THE AUDIT PERIOD)

42.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 41, as if fully set forth herein.

43.     Article VI §§ 3 and 8 of the Agreement requires Lo Sardo to deduct and remit to the Union dues checkoffs and PAC contributions withheld from the wages of employees who performed Covered Work.

44.     During the Audit Period, Lo Sardo failed to deduct and/or remit $74,101.55 in dues checkoffs and PAC contributions from the wages of its employees who performed Covered Work.

45.     The Welfare Fund, as the duly authorized agent for the Union and the PAC, has duly demanded the dues checkoffs and PAC contributions due and owing for the Audit Period.

46.     Lo Sardo's failure to deduct and/or remit the dues checkoffs and PAC contributions is a breach of the Agreement, the SCA PLA, and the NYA PLA.

47.     The Funds are entitled to prejudgment interest on delinquent dues checkoffs and PAC contributions at the New York State statutory rate of 9% per annum pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 5001 and 5004.

48.     Article VI § 17(j) of the Agreement provides that if an Employer does not remit dues checkoffs or PAC contributions within seven days of the due dates specified under Article VI of the Agreement, the Employer shall be liable for an additional payment of twelve percent (12%), or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made as and for liquidated damages.

49.     Accordingly, Lo Sardo is liable for undeducted and/or unremitted dues checkoffs

and PAC contributions during the Audit Period in the principal amount of $74,101.55, plus interest from the dates that remittances of the dues checkoffs and PAC contributions were due until the dates that the dues checkoffs and PAC contributions are paid, liquidated damages, and any and all other contractual and statutory damages.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**(CLAIM FOR BREACH OF CONTRACT FOR DELINQUENT FRINGE BENEFIT**
**CONTRIBUTIONS DURING THE SHOP STEWARD REPORTS PERIOD)**

50.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 49 of this Complaint, as if fully set forth herein.

51.     Pursuant to the Agreement, the SCA PLA, and the NYA PLA, Lo Sardo must make fringe benefit contributions to the Funds for each hour of Covered Work performed by Lo Sardo employees as set forth in Article VI of the Agreement.

52.     Lo Sardo failed to make contractually mandated fringe benefit contributions for 20,378.5 hours of Covered Work performed by its individual employees during the Shop Steward Reports Period, resulting in a principal fringe benefit contributions delinquency of at least $632,548.64.

53.     Lo Sardo's failure to make and pay required contributions to the Funds during the Shop Steward Reports Period is a breach of the Agreement, the SCA PLA, and the NYA PLA.

54.     Article VI § 17(f) of the Agreement provides that in the event the Funds bring an action to recover the delinquent fringe benefit contributions and interest on the unpaid amounts, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

55.     Article VI § 17(g) of the Agreement provides that in the event that formal proceedings to recover delinquent contributions are instituted and the Court renders judgment for

the Funds, the Employer must pay to the Funds, in accordance with the judgment of the Court: (i) the unpaid contributions; (ii) interest on unpaid contributions determined by using the rate prescribed under Section 6621 of Title 26 of the United States Code; (iii) interest on the unpaid contributions as and for liquidated damages; (iv) the Funds' reasonable attorneys' fees and costs of the action; and (v) such other legal or equitable relief as the Court deems appropriate.

56.     Article VI § 17(j) of the Agreement provides that if an Employer does not make the required payments to the Funds within seven days of the due dates specified under Article VI of the Agreement, the Employer shall be liable for an additional payment of twelve percent (12%), or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made as and for liquidated damages.

57.     Accordingly, Lo Sardo is liable to Plaintiffs for failing to make required fringe benefit contributions for Covered Work performed by Lo Sardo employees during the Shop Steward Reports Period in the principal amount of at least $632,548.64, plus interest, liquidated damages, Plaintiffs' reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF ERISA OBLIGATIONS DURING THE SHOP STEWARD REPORTS PERIOD)

58.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 57, as if fully set forth herein.

59.     ERISA § 515 (29 U.S.C. § 1145) requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements.

60.     Lo Sardo is an employer under ERISA and is bound by the Agreement, the SCA PLA, and the NYA PLA.

61.     During the Shop Steward Reports Period, Lo Sardo failed to make fringe benefit contributions to the Funds as required under the Agreement, the SCA PLA, and the NYA PLA.

62.     Failure to make such payments violates ERISA § 515 (29 U.S.C. § 1145).

63.     Once it is found that an employer has violated ERISA § 515 (29 U.S.C. § 1145), the Court is required by ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) to award the Funds: (i) the unpaid fringe benefit contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Funds' plan; (iv) reasonable attorneys' fees and costs incurred in prosecuting the action; and (v) such other legal and equitable relief as the Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code.

64.     Article VI § 17(f) of the Agreement provides that in the event the Funds bring an action to recover the delinquent fringe benefit contributions and interest on the unpaid amounts, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

65.     Article VI § 17(g) of the Agreement provides that in the event that formal proceedings to recover delinquent contributions are instituted and the Court renders judgment for the Funds, the Employer must pay to the Funds, in accordance with the judgment of the Court: (i) the unpaid contributions; (ii) interest on unpaid contributions determined by using the rate prescribed under Section 6621 of Title 26 of the United States Code; (iii) interest on the unpaid contributions as and for liquidated damages; (iv) the Funds' reasonable attorneys' fees and costs

of the action; and (v) such other legal or equitable relief as the Court deems appropriate.

66.     Article VI § 17(j) of the Agreement provides that if an Employer does not make the required payments to the Funds within seven days of the due dates specified under Article VI of the Agreement, the Employer shall be liable for an additional payment of twelve percent (12%), or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made as and for liquidated damages.

67.     Accordingly, Lo Sardo is liable to Plaintiffs for failing to make required ERISA fringe benefit contributions for at least 20,378.5 hours of Covered Work performed by Lo Sardo employees during the Shop Steward Reports Period, plus statutory damages, including interest, liquidated damages, Plaintiffs' reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132), the Agreement, the SCA PLA, and the NYA PLA.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO REMIT DUES CHECKOFFS AND PAC CONTRIBUTIONS DURING THE SHOP STEWARD REPORTS PERIOD)

68.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 67, as if fully set forth herein.

69.     Article VI §§ 3 and 8 of the Agreement requires Lo Sardo to deduct and remit to the Union dues checkoffs and PAC contributions withheld from the wages of employees who performed Covered Work.

70.     During the Shop Steward Reports Period, Lo Sardo failed to deduct and/or remit at least $45,036.49 in dues checkoffs and PAC contributions from the wages of its employees who performed Covered Work.

71.     The Welfare Fund, as the duly authorized agent for the Union and the PAC, has duly demanded the dues checkoffs and PAC contributions due and owing for the Shop Steward Reports Period.

72.     Lo Sardo's failure to deduct and/or remit the dues checkoffs and PAC contributions is a breach of the Agreement, the SCA PLA, and the NYA PLA.

73.     The Funds are entitled to prejudgment interest on delinquent dues checkoffs and PAC contributions at the New York State statutory rate of 9% per annum pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 5001 and 5004.

74.     Article VI § 17(j) of the Agreement provides that if an Employer does not remit dues checkoffs or PAC contributions within seven days of the due dates specified under Article VI of the Agreement, the Employer shall be liable for an additional payment of twelve percent (12%), or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made as and for liquidated damages.

75.     Accordingly, Lo Sardo is liable for undeducted and/or unremitted dues checkoffs and PAC contributions during the Shop Steward Reports Period in the principal amount of at least $45,036.49, plus interest from the dates that remittances of the dues checkoffs and PAC contributions were due until the dates that the dues checkoffs and PAC contributions are paid, liquidated damages, and any and all other contractual and statutory damages.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT CLAIM FOR AUDIT COSTS)

76.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.     Article VI § 17(d) of the Agreement provides in relevant part:

> If after an audit of its books and records the Employer is found to be substantially delinquent, as defined herein, in the payment of fringe benefit contributions to the Trust Funds set forth in this Article of the Agreement, the Employer shall bear the imputed cost of the audit as set forth below:

$$\frac{\text{total audited deficiency}}{150} \quad \text{x} \quad \text{number of months audited} \quad = \quad \text{imputed cost of audit}$$

> Substantially delinquent is defined as any deficiency in the payment of fringe benefit contributions to the Trust Funds set forth in this Article of the Agreement in excess of 10% of the fringe benefit contributions paid to the Trust Funds … during the period that is the subject of the audit. In the event the Trust Funds … bring an action to recover the imputed costs of the audit, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

78.     Lo Sardo paid $4,499,567.07 to the Funds in fringe benefit contributions during the Audit Period.

79.     Lo Sardo is substantially delinquent in its payment of fringe benefit contributions to the Funds because its audited fringe benefit contributions deficiency of $981,344.66 is more than ten percent (10%) of the fringe benefit contributions Lo Sardo paid to the Funds during the Audit Period.

80.     Following the Agreement's contractual formula for calculating the imputed cost of the Audit, the imputed cost of the Audit is $261,691.93.

81.     The Funds have duly demanded the imputed cost of the Audit from Lo Sardo.

82.     Lo Sardo has not paid the imputed cost of the Audit.

83.     Lo Sardo's failure to pay the imputed cost of the Audit is a breach of the Agreement, the SCA PLA, and the NYA PLA.

84.     Lo Sardo is liable under the Agreement, the SCA PLA, and the NYA PLA for the imputed cost of the Audit, and Plaintiffs' reasonable attorneys' fees and costs.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### (DEMAND FOR AN ORDER DIRECTING LO SARDO TO PERMIT AN AUDIT OF ITS BOOKS AND RECORDS)

85.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 84 of this Complaint, as if fully set forth herein.

86.     Article VI § 17(a) of the Agreement requires Employers to retain, for a minimum period of six years, payroll and related records necessary for the conduct of a proper audit in order that a duly designated representative of the Trustees may make periodic review to confirm that contributions owed pursuant to this Agreement are paid in full.

87.     In addition, ERISA requires every employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).

88.     Pursuant to Article VI § 17(a) of the Agreement, Lo Sardo is required, *inter alia*, to permit and cooperate with the Funds and/or their designated representative in the conduct of audits of its books and records, which include, without limitation: "all payroll sheets, W-2 forms, New York State Employment Reports, Insurance Company Reports and supporting checks, ledgers, general ledger, cash disbursement ledger, vouchers, equipment leases, 1099 forms, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s)".

89.     Accordingly, pursuant to the terms and conditions of the Agreement, the SCA PLA, and the NYA PLA, Plaintiffs demand an order directing Lo Sardo to permit and cooperate with the Funds and/or their designated representatives in the conduct of an audit of Lo Sardo's books and records for the period of June 28, 2018 through the present.

### AS AND FOR A NINTH CLAIM FOR RELIEF
### (CLAIM FOR FRINGE BENEFIT CONTRIBUTIONS, DUES CHECKOFFS, PAC CONTRIBUTIONS, AUDIT COSTS AND DAMAGES FOUND DUE AND OWING PURSUANT TO AN AUDIT OF LO SARDO'S BOOKS AND RECORDS)

90.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 89 of this Complaint, as if fully set forth herein.

91.     The Agreement, the SCA PLA, and the NYA PLA require Lo Sardo to pay fringe benefit contributions, dues checkoffs and PAC contributions found due and owing pursuant to an audit.

92.     Pursuant to Article VI § 17(k), if an audit of the Employer's books and records is required and a deficiency in fringe benefit contributions, dues checkoffs or PAC contributions is found which is not paid within seven days after reasonable notice, the Employer agrees to pay as additional liquidated damages twelve percent (12%), or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the business of the day on which any such payment was initially due to the date actually paid, plus audit costs, accountants' fees, attorneys' fees and other fees necessary to effect collection of the delinquency.

93.     Lo Sardo has not paid all fringe benefit contributions, dues checkoffs, or PAC contributions due and owing to the Funds for the period of June 28, 2018 to the present.

94.     If an audit of Lo Sardo's books and records finds it to be substantially delinquent, as defined in Article VI § 17(d) of the Agreement, Lo Sardo shall bear the imputed cost of the audit.

95.     Accordingly, pursuant to the Agreement, the SCA PLA, and the NYA PLA, Lo Sardo is liable to the Funds for all unpaid fringe benefit contributions, dues checkoffs, and PAC contributions found due and owing pursuant to an audit of Lo Sardo's books and records for the

period of June 28, 2018 through the present, plus interest, liquidated damages, audit costs, attorneys' fees and costs, the imputed cost of the audit in the event Lo Sardo is substantially delinquent, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132), the Agreement, the SCA PLA, and the NYA PLA.

## AS AND FOR A TENTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF)

96.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 95 of this Complaint, as if fully set forth herein.

97.     Pursuant to the Agreement, the SCA PLA, and the NYA PLA, Lo Sardo is required to timely pay fringe benefit contributions and remit dues checkoffs and PAC contributions deducted from the wages paid to its employees to the Funds, timely submit all required reports to the Funds, and permit and cooperate in the conduct of audits of Lo Sardo's books and records for so long as it remains obligated to do so pursuant to the Agreement, the SCA PLA, and the NYA PLA.

98.     Article VI § 17(l) of the Agreement provides that "[w]here payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the … Funds to have the court enter an order permanently enjoining the Employer … for the remaining term of this Agreement from failing, refusing or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the … Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of this Agreement."

99.     Lo Sardo has failed to timely pay all required fringe benefit contributions, dues checkoffs and PAC contributions to the Funds, and is currently in breach of its obligations under the Agreement, the SCA PLA, and the NYA PLA.

100.    Upon information and belief, Lo Sardo continues to perform Covered Work under

the Agreement, the SCA PLA, and the NYA PLA.

101. Lo Sardo's prior and current conduct in failing to make the required payments under the Agreement, the SCA PLA, and the NYA PLA demonstrates a significant likelihood that Lo Sardo will continue to breach the terms of the Agreement, the SCA PLA, and the NYA PLA.

102. In the absence of injunctive relief, the Funds have no adequate remedy at law to ensure that Lo Sardo will adhere to the terms of the Agreement, the SCA PLA, and the NYA PLA now and in the future.

103. The Funds will suffer immediate and irreparable injury unless the Court issues an injunction that requires Lo Sardo, now and for as long as it remains bound by the Agreement, the SCA PLA, and the NYA PLA, and its agents, representatives, directors, officers, stockholders, successors and assigns to pay and/or submit to the Funds the required monetary contributions, dues checkoffs and PAC contributions, and permit and cooperate in the conduct of audits.

104. Accordingly, Plaintiffs request that the Court issue an injunction permanently enjoining Lo Sardo, its agents, representatives, directors, officers, stockholders, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required contributions, dues checkoffs and PAC contributions, and permit and cooperate in the conduct of audits for so long as Lo Sardo remains obligated to do so pursuant to the Agreement, the SCA PLA, and the NYA PLA.

## AS AND FOR AN ELEVENTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA)

105. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 104 of this Complaint, as if fully set forth herein.

106. Pursuant to the Agreement, the SCA PLA, and the NYA PLA, Lo Sardo is required

to timely pay fringe benefit contributions to the Funds, timely submit all required reports to the Funds, and permit and cooperate in the conduct of audits of Lo Sardo's books and records for so long as it remains obligated to do so pursuant to the Agreement, the SCA PLA, and the NYA PLA.

107.     Article VI § 17(l) of the Agreement provides that "[w]here payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the … Funds to have the court enter an order permanently enjoining the Employer … for the remaining term of this Agreement from failing, refusing or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the … Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of this Agreement."

108.     Lo Sardo has failed to timely pay fringe benefit contributions to the Funds, and is currently in breach of its obligations under the Agreement, the SCA PLA, and the NYA PLA.

109.     Lo Sardo's breach of its obligation to make fringe benefit contributions under the Agreement, the SCA PLA, and the NYA PLA is also a breach of Lo Sardo's statutory obligations under ERISA.

110.     Lo Sardo's prior and current conduct in failing to make the required payments under the Agreement, the SCA PLA, and the NYA PLA, in violation of its ERISA obligations, demonstrates a significant likelihood that Lo Sardo will violate ERISA in the future.

111.     In the absence of injunctive relief, the Funds have no adequate remedy at law to ensure that Lo Sardo will adhere to the terms of the Agreement, the SCA PLA, and the NYA PLA and abide by its statutory obligations now and in the future.

112.     The Funds will suffer immediate and irreparable injury unless the Court issues an injunction that requires Lo Sardo, now and for as long as it remains bound by the Agreement, the SCA PLA, and the NYA PLA, and its agents, representatives, directors, officers, stockholders,

employees, successors and assigns to pay and/or submit to the Funds the required monetary contributions, and permit and cooperate in the conduct of audits for as long as it remains obligated to do so under ERISA.

113.    Accordingly, Plaintiffs request that the Court issue an injunction permanently enjoining Lo Sardo, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit to the Funds the required contributions, and permit and cooperate in the conduct of audits for so long as Lo Sardo remains obligated to do so under ERISA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Lo Sardo:

a)      for payment of delinquent fringe benefit contributions in the principal amount of $981,344.66 for the time period of March 23, 2015 through June 27, 2018;

b)      for payment of all required dues checkoffs and PAC contributions in the principal amount of $74,101.55 for the time period of March 23, 2015 through June 27, 2018;

c)      for payment of delinquent fringe benefit contributions in the principal amount of at least $632,548.64 for the time period of June 28, 2018 through January 31, 2020;

d)      for payment of all required dues checkoffs and PAC contributions in the principal amount of at least $45,036.49 for the time period of June 28, 2018 through January 31, 2020;

e)      for interest on the delinquent fringe benefit contributions from the time such contributions were due until paid at the rate prescribed under Section 6621 of Title 26 of the United States Code;

f)      for interest on the required dues checkoffs and PAC contributions from the time

such dues checkoffs and PAC contributions were due until paid at the rate set by CPLR § 5004;

     g)     for liquidated damages on the delinquent fringe benefit contributions, dues checkoffs and PAC contributions;

     h)     for all ERISA damages pursuant to 29 U.S.C. § 1132(g);

     i)     for all audit costs;

     j)     for Plaintiffs' attorneys' fees and costs;

     k)     for an Order requiring Lo Sardo to cooperate with the Funds in an audit of its books and records for the time period of June 28, 2018 through the present;

     l)     for an Order requiring payment of all fringe benefit contributions, dues checkoffs and PAC contributions, and all contractual and statutory damages found due and owing pursuant to an audit for the time period of June 28, 2018 through the present;

     m)     for an Order permanently enjoining Lo Sardo, its agents, representatives, directors, officers, stockholders, successors and assigns and all persons in active concert or participation with it who receive actual notice of the Order, by personal service or otherwise, for so long as it remains obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit to the Funds the required monetary contributions, and dues checkoffs and PAC contributions, and permit and cooperate in the conduct of audits for so long as Lo Sardo remains obligated to do so pursuant to the Agreement, the SCA PLA, and the NYA PLA;

     n)     for an Order permanently enjoining Lo Sardo, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required monetary contributions, and permit and cooperate in the conduct of audits for so long as Lo Sardo remains

obligated to do so under ERISA; and

      o)    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      March 2, 2020

                          GORLICK, KRAVITZ & LISTHAUS, P.C.
                          *Attorneys for Plaintiffs*

                        By: _____
                            Joy K. Mele (JM0207)
                            Jonathan Sobel (JS4815)
                            29 Broadway, 20th Floor
                            New York, New York 10006-3218
                            jmele@gkllaw.com
                            jsobel@gkllaw.com
                            Tel. (212) 269-2500
                            Fax (212) 269-2540